**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| GREGORY LOFTON, SR | § |
| | § |
| *Plaintiff*, | § |
| | § |
| -*versus*- | § CIVIL ACTION NO.: |
| | § |
| AVERITT EXPRESS INC. and RICHARD STAPLETON , | § |
| | § |
| | § |
| *Defendants*. | § |

## PLAINTIFF'S LOFTON'S ORIGINAL COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, **GREGORY LOFTON**, (hereinafter "Lofton"), who makes and files this, his Original Complaint for Damages against **AVERITT EXPRESS INC.** and **RICHARD STAPLETON (deceased)** by respectfully showing to this Honorable Court as follows:

*I.*

**PARTIES**

1.0    Plaintiff **GREGORY LOFTON** is, and at all times material to this lawsuit, a resident of Georgia with his mailing address being 202 Morris Road, Gray, Jones County, Georgia, and has a cause of action in tort against Defendants **Averitt Express Inc. and Richard Stapleton (deceased)** arising out of a motor vehicle wreck in Spring Garden TW, Jefferson County, Ilinois that occurred on July 20, 2017.

1.1     **Averitt Express Inc.** is a domestic profit corporation existing under the laws of the State of Tennessee with its principal place of business in the State of Tennessee and is authorized to transact business in the State of Tennessee. The cause of action made the basis of this lawsuit arose out of a tractor-trailer wreck in Jefferson County, Illinois that occurred on July 20, 2017. **Averitt Express Inc.** may be served with the Summons and Original Complaint for Damages through its registered agent for service of process, Dale C. Allen, 424 Church Street, Ste. 2700, Nashville, Davidson County, Tennessee 37219.

1.2     Defendant **Richard Stapleton** is, and at all times material to this lawsuit, prior to his death resided at 188 Guthrie Drive, Southaven, DeSoto County, Mississippi. The cause of action made the basis of this lawsuit arose out of a tractor-trailer wreck in Jefferson County, Illinois that occurred on July 20, 2017.

## *II*.

## JURISDICTION AND VENUE

2.0     This cause of action arises out of a tractor-trailer wreck caused by Defendant **Richard Stapleton** negligent operation of a commercial vehicle (2015 Volvo Tractor) on July 20, 2017 in Jefferson County, Illinois. The commercial vehicle operated by Defendant **Richard Stapleton** was owned by Defendant **Averitt Express Inc.**, which was responsible for the maintenance on said commercial vehicle. Further**,** Defendant **Richard Stapleton** operated said vehicle within the scope of his employment with Defendant **Averitt Express Inc.**

2.1     Jurisdiction and venue are proper in and before this Honorable Court. This case is filed in this court pursuant to diversity jurisdiction. The parties are citizens or incorporations of two different states and the amount in controversy is in excess of $75,000.

2.2     Defendant **Averitt Express Inc.** was the employer of the driver and owner of the vehicle in this cause of action.

2.3     Plaintiff **LOFTON** have a cause of action arising in tort against the Defendant **Averitt Express Inc.** based on negligence, negligent entrustment, and entrustment of dangerous instrumentalities; strict liability; negligent infliction of emotional distress, intentional infliction of emotional distress; negligent hiring, training and supervision; negligent inspection, maintenance and repair; imputed liability; and other causes as set forth below.

2.4     Defendant **Averitt Express Inc.** operates and conducts business throughout the country including on the date of the accident.

### JOINT VENTURE / ENTERPRISE

3.0     Defendants **Averitt Express Inc.** and **Richard Stapleton** were engaged in a joint venture/enterprise at the time of this wreck. Each Defendant had a shared community of interest in the object and purpose of the undertaking for which the commercial vehicle in question was being operated and used. Each Defendant had an equal right to share in the maintenance and control of the operation of the commercial vehicle at the time of this wreck regardless of whether such right was actually exercised.

3.1     Defendants **Averitt Express Inc.** and **Richard Stapleton** operated as a joint venture/enterprise for the purpose of streamlining and furthering their similar business interests.

3.2     Because the Defendants named herein and others were engaged in a joint venture/enterprise before, during and after this wreck, the acts and omissions of each participant in the joint venture/enterprise are imputable to all other participants. The actions of the Defendants and each of its servants, agents and employees as set forth herein, are imputed to each of the Defendants, jointly and severally.

## RESPONDEAT SUPERIOR

4.0     Defendant Averitt Express Inc. is liable for the fraudulent, reckless and wanton conduct, negligent acts and/or omissions of its agents, servants, and/or employees at the time of this wreck and the injuries sustained by Plaintiff **LOFTON** as the commercial vehicle driven by Defendant **Richard Stapleton** ran into the back of a vehicle which caused other vehicles to collide and one such vehicle being the vehicle Plaintiff **LOFTON** was seated.

## APPARENT "OSTENSIBLE" AGENCY

5.0     Each Defendant is liable for the fraudulent, reckless and wanton conduct, negligent acts and omissions of its agents, servants, and/or employees and for their fraudulent, reckless and wanton conduct and negligent acts and omission during their employment with each Defendant and at the time of this wreck. Defendant **Richard Stapleton** represented himself as an employee and/or agent of Defendant **Averitt Express Inc.** as the commercial vehicle bore the signage of said Defendant.

5.1   As a result of the Defendants' negligence described herein, Plaintiff **LOFTON** sustained severe injuries and lost wages.

### *III.*

### FACTUAL ALLEGATIONS AGAINST THE DEFENDANTS

6.0   On July 20, 2017, Plaintiff **GREGORY LOFTON** was a driver seated in a "bucket seat" attached to a 2018 Western Street 3 Axle Str traveling south on I-57, a public road in Jefferson County, Illinois, when he was struck by a commercial vehicle operated by Joshua Myles.  The vehicle operated by Joshua Myles had been struck by a 18-wheel truck driven by Defendant Richard Stapleton but owned by Defendant Averitt Express Inc.

6.1   At the aforesaid time and place, Defendant Richard Stapleton was traveling south on I-57, a public road in public road in Jefferson County, Illinois. At all times material to this lawsuit, Defendant Stapleton was operating a 2015 Volvo Tractor which had a trailer attached thereto. The tractor-trailer was owned by Defendant Averitt Express Inc. a self-insured company.

6.2   According to the Crash Report and the investigation completed by J. Shrake of the Illinois State Patrol, it was his opinion that your insured's driver (Stapleton) was following too closely and failed to exercise due care.

6.3   The weather conditions were clear and dry at the time of the wreck caused by Defendant Stapleton, according to Trooper Shrake.  Defendant Stapleton's negligence caused the serious injuries sustained by Plaintiff **GREGORY LOFTON**.

6.4   Defendant Stapleton suffered fatal injuries and died at the scene .

6.5     Defendant Richard Stapleton recklessly, wantonly, and negligently failed to watch for traffic ahead of him thereby violently striking the vehicle ahead of him, which caused a chain reaction between several vehicles; thus, causing Plaintiff **GREGORY LOFTON** to sustain severe injuries.

6.6     Defendant Richard Stapleton, by and through his negligence, placed Plaintiff **GREGORY LOFTON** in significant danger.

6.7     Defendant Richard Stapleton failed to properly and safely operate his tractor-trailer as described above so as to not endanger the lives and property of others.

*IV.*

*CLAIMS AGAINST THE DEFENDANTS*

<u>**COUNT ONE – ORDINARY NEGLIGENCE**</u>

7.0     Plaintiff **LOFTON** hereby realleges and incorporates all of the allegations set forth hereinabove in his Original Complaint for Damages as though fully stated herein.

7.1     At the time and place of the collision described above, Defendant Richard Stapleton was negligent in the following manner:

(a) Defendant Richard Stapleton failed to exercise ordinary care in failing to keep a proper lookout in violation of O.C.G.A. §51-11-7, the same constituting negligence *per se*;

(b) Defendant Richard Stapleton failed to maintain proper control of his vehicle in violation of O.C.G.A. §51-11-7, the same constituting negligence *per se*;

(c) Defendant Richard Stapleton failed to exercise ordinary care in the control, speed, and movements of the commercial vehicle he operated at the time of this wreck; and

(d) Any and all other acts of negligence as may be shown through discovery or proof at trial.

7.2    Defendant Richard Stapleton was negligent in colliding into a vehicle which caused several other vehicles to collide, one of which that struck and injured Plaintiff **GREGORY LOFTON**.

7.3    Plaintiff **GREGORY LOFTON** incurred medical and other related expenses as a direct result of the medical treatment he received for the injuries he sustained in this tractor-trailer wreck caused by Defendant Richard Stapleton. Additional medical treatment is required in the future.

7.4    Plaintiff **GREGORY LOFTON** endured enormous pain and suffering due to the injuries sustained in this wreck.

**WHEREFORE**, Plaintiff **GREGORY LOFTON** demands as follows:

(a) That process issue in compliance with the law;

(b) That a jury trial be held to determine all issues, including damages; and

(c) That he be awarded compensatory damages for the bodily injuries in excess of **$ 20, 731.35** suffered through agent and/or instrumentality of the Defendants, in an amount to be determined by the enlightened conscience of a jury.

## COUNT TWO – IMPUTED LIABILITY

8.0    Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all the

allegations set forth herein above in his Original Complaint for Damages as though fully stated herein.

8.1   At the time of the subject collision, Defendant Richard Stapleton was under dispatch for Defendant Averitt Express Inc.

8.2   At the time of the subject collision, Defendant Richard Stapleton was operating the tractor-trailer vehicle in question on behalf of Defendant Averitt Express Inc.

8.3   Defendant Averitt Express Inc. is an interstate and/or intrastate motor carrier and pursuant to federal and state laws, is responsible for the actions of Defendant Richard Stapleton in regard to the collision described in this Original Complaint for Damages under the doctrine of lease liability, agency, or apparent agency.

## COUNT THREE – NEGLIGENT HIRING, TRAINING *and* SUPERVISION

9.0   Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all the allegations set forth herein above in his Original Complaint for Damages as though fully stated herein.

9.1   Defendant Averitt Express Inc. was negligent in hiring and retaining Defendant Richard Stapleton and entrusting him to drive a tractor-trailer.

9.2   Defendant Averitt Express Inc. was negligent in failing to properly train Defendant Richard Stapleton.

9.3   Defendant Averitt Express Inc. was negligent in failing to properly supervise Defendant Richard Stapleton.

9.4    Defendant Averitt Express Inc. 's negligence in hiring and retaining Richard Stapleton and entrusting him with driving a commercial vehicle (tractor-trailer) and failing to train and supervise him properly were the sole and proximate causes of the collision and Plaintiff **GREGORY LOFTON's** injuries and all expenses and costs related thereto.

## COUNT FOUR – DAMAGES

10.0    Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all the allegations set forth herein above in his Original Complaint for Damages as though fully stated herein.

10.1    As a result of the Defendant Averitt Express Inc. negligence, Plaintiff **GREGORY LOFTON** suffered physical mental injuries.

10.2    As a result of the Defendant Averitt Express Inc. negligence, Plaintiff **GREGORY LOFTON** incurred medical and related expenses and loss wages.

10.3    As a result of the Defendant Averitt Express Inc. negligence, Plaintiff **GREGORY LOFTON** will incur future medical and related expenses and loss wages.

10.4    Defendants' negligence is the sole and proximate cause of Plaintiff **GREGORY LOFTON** injuries, medical expenses, and other damages.

## COUNT FIVE – PERSONAL INJURIES TO GREGORY LOFTON

11.0    Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all of the allegations set forth herein and above in his Original Complaint for Damages as though fully stated herein.

11.1    As a direct and proximate result of the aforesaid negligence and negligence *per se* of the Defendant Averitt Express Inc. as stated herein and above, Plaintiff

**GREGORY LOFTON** was physically injured. Plaintiff **GREGORY LOFTON** has experienced and will continue to experience pain and suffering and emotional distress as a result of his injuries and the trauma associated with being in this wreck. Further, Plaintiff **GREGORY LOFTON** has been hindered from going about his regular daily activities due to his injuries and physical limitations.

11.2   As a direct and proximate result of the Defendants' (Averitt Express Inc.) negligence and negligence *per se* as stated herein and above, Plaintiff **GREGORY LOFTON** has suffered and continues to suffer physical pain and suffering, a loss of enjoyment of life, a diminishment in his capacity to labor and earn money, permanent injury and other damages.

11.3   By reason of the foregoing, Plaintiff **GREGORY LOFTON** is entitled to recover past, present, and future compensatory damages from Defendant Averitt Express Inc. in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of a fair-minded jury.

## COUNT SIX – MEDICAL EXPENSES OF GREGORY LOFTON

12.0   Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all of the allegations set forth herein and above in his Original Complaint for Damages as though fully stated herein.

12.1   As a direct and proximate result of the aforesaid negligence and negligence *per se* of the Defendant Averitt Express Inc. as stated herein and above, Plaintiff **GREGORY LOFTON** has incurred medical expenses in excess of $22,456.35 to date for the treatment of his injuries and will incur future medical expenses.

12.2   Plaintiff **GREGORY LOFTON** will continue to need medical treatment in the future as a direct and proximate result of the aforesaid negligence and negligence *per se* of the Defendant Averitt Express Inc. and Richard Stapleton in causing this wreck and resulting injuries.

12.3   By reason of the foregoing, Plaintiff **GREGORY LOFTON** is entitled to recover from Defendants Averitt Express Inc. and Richard Stapleton past and future medical and related expenses as a result of this wreck in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of a fair-minded jury.

## COUNT SEVEN - LOSS WAGES

13.0   Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all of the allegations set forth herein and above in his Original Complaint for Damages as though fully stated herein.

13.1   As a direct and proximate result of the Defendants' (Richard Stapleton, Averitt Express Inc. and The Insurance Company of the State of Pennsylvania) negligence and negligence *per se* as stated herein, Plaintiff **GREGORY LOFTON's** ability to labor and earn money has been significantly diminished and he is therefore entitled to recover damages for the same. Plaintiff **GREGORY LOFTON** has sustained loss wages in an amount in excess of $70,400.00 to date and will suffer loss wages in the future.

13.2   By reason of the foregoing, Plaintiff **GREGORY LOFTON** is entitled to recover damages in an amount as may be shown by the evidence and as may be determined

by the enlightened conscience of a fair-minded jury for the loss and reduction in his ability to labor and earn money.

## COUNT EIGHT - BAD FAITH

14.0   Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all of the allegations set forth herein and above in his Original Complaint for Damages as though fully stated herein.

14.1   Defendants Averitt Express Inc. has acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff **GREGORY LOFTON** unnecessary trouble and expense for which Plaintiff **GREGORY LOFTON** may recover from Defendant Averitt Express Inc. the cost of litigation expenses and attorney's fees.

**WHEREFORE**, Plaintiff **GREGORY LOFTON** demands as follows:

(a) That Plaintiff be awarded attorney's fees;

(b) That Defendants Averitt Express Inc. and Richard Stapleton be ordered to pay Plaintiff **GREGORY LOFTON's** costs and expenses; and

(c) For such other and further relief as this Honorable Court may deem, equitable, just and proper.

## COUNT NINE – PUNITIVE DAMAGES

15.0   Plaintiff **GREGORY LOFTON** hereby realleges and incorporates all of the allegations set herein above in his Original Complaint for Damages as though fully stated herein.

15.1 The conduct of the Defendants in causing this wreck was willful, wanton, and intentional and evidences that entire want of care which raises the presumption of conscious indifference to the consequences.

15.2 Defendant Stapleton stopped observing the traffic ahead of him for a considerable period of time, thus, failing to observe several stationary vehicles and the yellow flashing arrows directing him to change lanes.

15.3 As an actual and proximate result of the conduct on the part of the Defendant which was willful, wanton and intentional, Plaintiff **GREGORY LOFTON** suffered general damages for physical pain and suffering, mental pain and suffering, needless agony, loss of his dignity, loss wages, medical expenses, permanent injury, and other related expenses. The measure of damages will be determined by the enlightened conscience of a fair and impartial jury.

*V.*

**DEMAND FOR JURY TRIAL**

16.0 Plaintiff **GREGORY LOFTON** hereby demands a trial by jury.

*VI.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff **GREGORY LOFTON** demands as follows:

(a) That process issue in compliance with the law;

(b) That a jury trial be held to determine all issues, including damages;

(c) That Plaintiff **GREGORY LOFTON** be awarded compensatory damages for the bodily injuries suffered through agent and/or instrumentality of Defendants, in an amount in excess of $1,000,000.00;

(d) That Plaintiff **GREGORY LOFTON** be awarded compensatory damages for the mental anguish suffered due to emotional trauma suffered as a result of the Defendants' negligence, in an amount in excess of $1,000,000.00;

(e) That Defendants be required to pay general damages to Plaintiff **GREGORY LOFTON** for their intentional infliction of emotional distress upon **GREGORY LOFTON**, in an amount in excess of $1,000,000.00;

(f) That Plaintiff **GREGORY LOFTON** be awarded general damages for pain and suffering and for negligent infliction of emotional distress upon Plaintiff **GREGORY LOFTON**, in an amount in excess of $1,000,000.00;

(h) That Plaintiff **GREGORY LOFTON** recover punitive damages against the Defendants in an amount sufficient to punish and deter them from similar conduct in the future as determined by the enlightened conscience of a jury;

(i) That Plaintiff be awarded attorney's fees;

(j) That Plaintiff recover as set forth in each Count and prayer enumerated in this Original Complaint for Damages as determined by the enlightened conscience of a jury;

(k) That Defendants be ordered to pay Plaintiffs' cost and expenses; and

(l) For such other and further relief as this Honorable Court may deem meet, just and proper.

Plaintiff's Original Complaint for Damages
Page 14 of 15

**Respectfully submitted,** this __ day of June, 2019.

           **COPELAND, HAUGABROOK & WALKER**
           104 East Adair Street
           Post Office Box 1810
           Valdosta, Georgia 31603-1810
           Telephone: (229) 247-4617
           Facsimile: (229) 242-0109
           Email: cwlaw02@bellsouth.net


           /s/Karla Walker
           KARLA L. WALKER
           Georgia State Bar No. 732288

           *Attorney for Plaintiff*